**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7623**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN LEE ZATER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:00-cr-00626-CMC-1)

Submitted:  April 17, 2018                          Decided:  April 19, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ryan Lee Zater, Appellant Pro Se.  Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Lee Zater appeals the district court's orders construing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion, dismissing it for lack of jurisdiction, and denying his motion to reconsider.* We conclude that the district court properly construed Zater's request for Rule 60(b) relief as a successive § 2255 motion over which it lacked jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Accordingly, we affirm the district court's orders.

Additionally, we construe Zater's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Zater's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

---

* A certificate of appealability is not required to address the district court's jurisdictional dismissal of Zater's motion as a successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*